IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIEL SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-407-S-BN |
| | § | |
| TRACIE MCCORMICK TRUCKING, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Gabriel Sanchez filed this lawsuit *pro se* in a Dallas County state court against Defendant Tracie McCormick Trucking, Inc. (McCormick) and two individuals who appear to be McCormick's employees. *See* Dkt. No. 1-6. McCormick removed Sanchez's action arguing that this Court has jurisdiction under both 28 U.S.C. §§ 1331 and 1332. *See* Dkt. No. 1. And United States District Judge Karen Gren Scholer referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts

are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Under this duty, the undersigned entered an order on February 23, 2022 that explained the basis for the Court's jurisdiction:

> Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. And a defendant may remove an action filed in state court to federal court only if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).
> "To determine whether the claim arises under federal law," a district court must "examine the 'well pleaded' allegations of the complaint." *Id.* That is, jurisdiction under Section 1331 only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S.

1, 27-28 (1983)).[1] So, to support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). *Cf. Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

In support of federal-question-jurisdiction removal, McCormick asserts that "[r]emoval is proper because Plaintiff's claims present a federal question…. Specifically, Plaintiff's causes of action under the Fourth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the Title II of the Civil Rights Act are apparent from the face of Plaintiff's Petition." Dkt. No. 1 at 4, ¶ 11; *see also id.* at 5, ¶ 15 ("In this case, both Plaintiff's federal and state claims on the face of the pleadings concern the same core factual issue: alleged violation of rights by Defendants because of Plaintiff's refusal to comply with the safety requirement to wear a mask at work during the COVID-19 pandemic.").

Related to McCormick's assertions, "[w]hen a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (cleaned up). So there is "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action," *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), which a plaintiff may do, "even when federal remedies might also exist," *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

In paragraphs 11, 12, and 14, Sanchez pleads violations of Texas law. Similarly, the header of paragraph 13 is "Texas Civil Rights Law." And Sanchez begins by alleging that "[t]he rights of individuals to receive equal treatment – including freedom from discrimination in a number of settings (employment, housing, etc.) – are collectively called 'civil rights.' The vast majority of civil rights laws originate at the federal level, most notably the broad protections outlined in the Civil Rights Act of 1964. But states, including Texas, also protect the civil rights of their

---

[1] *See also Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).

> residents." Dkt. No. 1-6 at 4, ¶ 13 (cleaned up). But Sanchez then alleges that "[t]he Defendant Tracie McCormick Trucking coerced the Plaintiff to wear a face mask/face shield that forced him out of the job. The Defendant violated Plaintiff Civil Rights Section of the Civil Rights § 2000a-2." *Id.*; *compare id.* at 4-5, *with* 42 U.S.C. § 2000a-2 ("No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.").
>
> The Court is therefore satisfied that jurisdiction exists under Section 1331 on this basis alone – that Sanchez has alleged a violation of a federal statute – and need not determine whether Sanchez also alleges violations of the United States Constitution or whether diversity jurisdiction under Section 1332 is present.

Dkt. No. 5 at 2-5.

On March 8, 2022, Sanchez moved to remand this case, explaining in applicable part:

> The Plaintiff has made an error. Now my ignorance has come to end what I thought The Post Reconstruction civil rights Title 42 Chapter 21 & Section of the Civil Rights 2000a, 2000a-l (b)(c) is the same as the Texas Civil rights laws Pre Reconstruction. I am leaving with the Texas State Constitution of 1845 & the 14th Amendment was never lawfully ratified. There is no Federal Question and the Plaintiff complaint is strictly state law.

Dkt. No. 8, ¶ 6.

The Court should deny the motion to remand without considering briefing, an approach that will not prejudice Defendants.

"Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." *Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D.

Tex. 2020) (citing *Medina*, 238 F.3d at 680)); *see also Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695-96 (5th Cir. 2017) ("The [United States] Supreme Court has explained that 'under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" (quoting *Franchise Tax Bd.*, 463 U.S. at 10)).

"A pleading amendment post-removal that removes all federal claims does not divest the federal court of jurisdiction and require remand to state court." *Tobacco & Wine*, 456 F. Supp. 3d at 793 (citing *16 Front St., L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018)).

And, in any event, Sanchez may not amend his allegations through a motion to remand. *Cf. Biegon v. City of Dall.*, No. 3:21-cv-2006-C-BN, 2021 WL 4897660, at *3 (N.D. Tex. Sept. 30, 2021) ("Biegon may not amend his claims through the Notice of Removal or in response to the order to show cause, as 'a claim for relief' must be made through a pleading, FED. R. CIV. P. 8(a), and neither a notice of removal nor a response to a court's order is among the 'pleadings [that] are allowed' under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a)." (citation omitted)).

Further, Sanchez's argument that he mistakenly invoked a federal statute also does not divest the Court of subject matter jurisdiction. *See, e.g., Franks v. East*, No. 1:07-CV108-SA-JAD, 2008 WL 4057078, at *2 (N.D. Miss. Aug. 26, 2008) ("The Court … cannot simply remand, and thereby relinquish jurisdiction over a case that alleges a claim, albeit seemingly mistakenly, arising under federal law." (citations omitted)).

But Sanchez may amend his complaint consistent with Federal Rule of Civil Procedure 15. And the Court may

> then revisit whether remand is appropriate pursuant to 28 U.S.C. [§ 1367]. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir .1992) (finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 n.2 (5th Cir. 1985) (explaining that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims.").

*Franks*, 2008 WL 4057078, at *3; *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161-62 (5th Cir. 2011) ("A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Thus, we are right to hesitate in rejecting the district court's exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is 'neither mandatory nor absolute.' But such discretion is founded upon and guided by a court's consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." (citations omitted)).

## Recommendation

The Court should deny Plaintiff Gabriel Sanchez's motion to remand [Dkt. No.

8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE